**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY GRIFFIN, | ) Case No.: 1:17-cv-0384 - JLT |
| Plaintiff, | ) ORDER ON MOTION TO EXCLUDE OR LIMIT <br> ) THE TESTIMONY OF DR. PRICE |
| v. | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) (Docs.) |
| Defendant. | ) |

The plaintiff retained Dr. Michael Price as an expert in this action and produced his report on February 12, 2018. (See Doc. 41 at 2-3; Doc. 45 at 12) The plaintiff produced a supplemental report from Dr. Price on March 15, 2018, fully one month after the deadline for producing expert reports. The defendant deposed Dr. Price on March 29, 2018 and though he offered opinions related to the MRIs the plaintiff underwent in February 2018, Dr. Price did not produce the films themselves. Consequently, the Court issued orders to address the prejudice suffered by the defense, including a second deposition of Dr. Price to address the MRIs.

**I.  Facts**

On February 12, 2018, the plaintiff designated Dr. Price as a retained expert and produced his report, dated the same day. (See Doc. 41-1 at 16-21) Dr. Price opined Plaintiff sustained the following injuries:

A.  Cervical strain;

1

      B. Lumbar Strain;
      C. Right Shoulder subacromial bursitis and impingement with internal derangement;
      D. Pelvic Strain; and
      E. Cervical radiculopathy

(Id. at 19) He indicated that information considered in formulating these opinions included discovery produced by Defendant; his own evaluation of Plaintiff on February 2, 2018; deposition transcripts; and medical records of Plaintiff. (Id. at 17) Dr. Price opined MRIs of the cervical spine, lumbar spine, right shoulder, and pelvis were "reasonable and necessary" treatments (Id. at 19), and once he received the results of the MRIs, he would "supplement this report with any additional opinions should they be necessary." (Id. at 20)

      On March 15, 2018, Plaintiff produced a supplemental report from Dr. Price. (Doc. 41 at 3; see also Doc. 41-1 at 25-31) Dr. Price reported Plaintiff underwent MRIs on February 25 and 27, 2018. Id. at 29. In the supplemental report, he deleted "Cervical radiculopathy" from his diagnoses and added,

      E. Cervical spine multilevel disk herniations with stenosis.
      F. Lumbar spine multilevel disk herniations with stenosis.
      G. Pelvic bilateral labral tears with degenerative joint disease.
      H. Right shoulder partial rotator cuff tear.

Id. at 30. He then expanded the treatment needed to include:

      A. Cervical spine epidural versus medial branch block injection with an anticipated cost of $14,000, to include the procedure and facility fees.
      B. Lumbar spine epidural versus medial branch block injection with an anticipated cost of $14,000, to include the procedure and facility fees.
      C. Right shoulder PRP injection with an anticipated cost of $5,000, to include the procedure and facility fees.
      D. Bilateral hip PRP injections intraarticularly with an anticipated cost of $5,000, to include the procedure and facility fees.

(Doc. 41-1 at 30-31) The defendants deposed Dr. Price two weeks later. (See Doc. 41 at 4)

      After the hearing on the motions in limine on December 12, 2018, the Court found that the failure to produce the supplemental report in a timely fashion had been cured because it was produced before the defendants took Dr. Price's deposition. However, the Court ordered that Dr. Price submit to a second deposition because the plaintiff failed to provide the MRI films upon which Dr. Price relied in advance of the deposition. In doing so, the Court limited the deposition to the MRI films.

      In connection with the parties' obligations under the pretrial order to Premark exhibits, on

January 4, 2019, plaintiff's counsel disclosed seven medical records from Dr. Price that had not been previously produced. (Doc. 58-1 at 2) These records detail that the plaintiff has undergone a PRP injection on April 30, 2018[1] (Id. at 6), follow-up consultations on August 10, 2018 (Id. at 7-9), September 7, 2018 (Id. at 10-12), October 5, 2018 (Id. at 13-15), November 1, 2018 (Id. at 16-18), November 29, 2018 (Id. at 19-21) and December 27, 2018[2] (Id. at 22-24). It appears that plaintiff's counsel had received some of these documents as early as August 2018. Id. at 3.

## I. The current motion

The plaintiff's attorney admits that he failed to supplement the Rule 26 disclosures on three occasions. (Doc. 59 at 2) However, he argues that the failure was harmless, in part, because at the time of his deposition, "Dr. Price considered himself to be Plaintiff's treating physician." Id.

However, the test under Rule 26, is not what the expert thinks, but the position the parties take in the litigation that controls their obligations. Mr. Griffin's counsel unequivocally identified Dr. Price under the heading "**RETAINED EXPERTS**" in the original disclosure and the supplement disclosure and never corrected this to reflect an ongoing medical relationship. (Doc. 41-1 at 5, 26) Dr. Price's characterization is undercut also by the fact that he continued to report to counsel and billed counsel rather than Mr. Griffin or the plaintiff's insurance company.[3]

The plaintiff asserts that he does not intend to offer any of Dr. Price's records into evidence. (Doc. 59 at 4) Thus, he takes the position that the Court should find the failure to disclose the records to be harmless and any prejudice may be ameliorated by allowing a second, full deposition of Dr. Price. In taking this position, he fails to address whether he Dr. Price should be permitted to testify as to any observations he made or any evaluations he conducted after March 29, 2018. On the other hand, plaintiff's counsel argues, " . . . Dr. Price's opinions have not materially changed since the time of his first deposition." (Doc. 59 at 4-5.)

---

[1] After this procedure, Dr. Price ordered the plaintiff to return in four weeks for evaluation but, either he did not return or these records were not produced.

[2] At this visit, Dr. Price ordered aquatherapy three times per week for six weeks. Id. at 24-25. He had done this previously on August 10, 2018. Id. 58-1 at 9.

[3] At the informal hearing on this topic, counsel for the defense confirmed that the plaintiff continues to received medical insurance coverage through the defendant.

The disclosure of expert witnesses is governed by Rule 26(a) of the Federal Rules of Procedure. Parties must disclose the identity of each expert who will testify at trial. Fed.R.Civ.P. 26(a)(2)(A). When a witness is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," disclosure must be accompanied by a written report providing detail on a number of topics. Fed.R.Civ.P. 26(a)(2)(B). In addition, the scheduling report provided,

> The parties are directed to disclose all expert witnesses [FN 1], in writing, on or before February 2, 2017, and to disclose all rebuttal experts on or before March 2, 2018. The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order. The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.
>
> The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.
>
> > [FN 1.] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

A party failing to satisfy expert disclosure requirements "is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) is limited to a party's failure "to provide information or identify a witness as required by Rule 26(a) or 26(e)." See id. The exclusion sanction is "self-executing" and "automatic" to "provide[] a strong inducement for disclosure of material." Yeti by Molly, 259 F.3d at 1106 (quoting Fed.R.Civ.P. 37 Advisory Committee's note (1993)).

The Court concludes that the repeated failure of the plaintiff's counsel to comply with Rule 26 and its scheduling order was not substantially justified or harmless. The Court notes that the first failure to comply with Rule 26 and this Court's orders related to experts occurred when the supplemental report was produced well beyond the deadline. This conduct was compounded by the failure to provide the MRI films timely and, then, the failure to characterize Dr. Price as a treating physician, despite that Dr. price performed the PRP procedure on the plaintiff's shoulder, just days after

4

Dr. Price's deposition. Finally, had counsel produced the treatment notes when they were received, this would have allowed more time for the defense to respond. The disclosure *only* occurred because the plaintiff wished to use the documents at trial. All of this causes the Court to conclude that the failure to comply was willful.  Therefore, the Court **ORDERS**:

1. The deposition of Dr. Price, currently scheduled on January 23, 2019, may go forward as planned previously, at the discretion of the defense. As previously ordered, the deposition is limited to the MRI films **unless** defense counsel chooses to examine him on any other topic, including the new treatment notes or any condition of the plaintiff after March 29, 2018[4];

2. If the defense decides **not** to limit the deposition to the MRIs, the defense is also granted the right to require the plaintiff as soon as practicable, to submit to an independent medical examination by its own retained expert;

3. If the defense decides to limit the deposition to the MRI films, any treatments, procedures, or evaluations undergone by the plaintiff that were ordered by or recommended by Dr. Price, or any opinions or impressions formed or clarified by Dr. Price after March 29, 2018, may not be introduced at trial.  This order is directed at Dr. Price, the plaintiff and any other witness offered by either side.

IT IS SO ORDERED.

Dated: **January 18, 2019**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] In this event, the Court will conclude that the defense has waived the claim that the plaintiff's failures, described above, were not harmless.