# COURTROOM/TRIAL DECORUM

# MAGISTRATE JUDGE THURSTON

The purpose of these guidelines is to state, for the guidance of counsel, the basic rules concerning courtroom decorum while in trial. The requirements stated are minimal, not all-inclusive, and are intended to supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time-honored customs of experienced trial counsel.

When appearing in this Court, all counsel (and where, appropriate, all persons seated at counsel table) shall abide by the following:

1. The parties and witnesses should be appropriately attired. Public officials (including law enforcement officers, fire department personnel, military officers, etc.) who normally wear an official uniform while on duty, if they are parties to the action or counsel in the action, should **not** wear their uniforms during trial unless they have obtained prior permission from the Court.

2. Stand at the lectern while examining any witness. Counsel may approach the Courtroom Deputy Clerk's desk or the witness for the purposes of handing or tendering exhibits, if permission is granted by the Court. If counsel wish to depart from the area of the lectern during their presentation, they must be equipped with a lapel microphone or they will risk that the recording will not pick up their voices.

3. Except as provided above, stand at or near the lectern while making opening statements or closing arguments, except to refer to exhibits. Do not crowd the jury.

4. Address all remarks to the Court, not to the opponent.

5. Avoid disparaging personal remarks or acrimony toward opposing counsel and/or parties. Remain detached from any ill-feeling between the litigants or witnesses.

6. Do not approach the jury box. Anything the jury needs will be handled by the Courtroom Deputy Clerk.

7. Refer to all persons, including witnesses, other counsel, and the parties, by their surnames and not by their first or given names or nicknames.

8. Only one attorney for each party shall examine each witness on direct or cross-examination. Only the attorney who examines a witness shall state objections to questions by other counsel to that witness.

9. Motions, the opening statement, or closing argument may be divided among counsel if a party has more than one trial counsel and if different subjects are addressed by counsel, **but only if prior** permission has been granted by the Court.

10. Counsel should request permission before approaching the bench or a witness.

11. Any documents or exhibits counsel wishes to have the Court examine, should be handed to the Courtroom Deputy Clerk.

12. Any paper exhibit not previously marked for identification should first be handed to the Courtroom Deputy Clerk to be marked before it is tendered to a witness for examination or placed on a viewing screen.

13. Any exhibit offered in evidence should, at the time of such offer, be handed to the opponent unless the exhibit has been pre-marked and the opponent has been provided a copy already.

14. Exhibits should be moved into evidence after the foundation is laid at the time the exhibit is first used with a witness. Do not wait until the close of the evidence to move for the admission of exhibits.

15. **Absolutely no speaking objections.** In making objections, counsel should state only the legal grounds for the objection and should withhold further comment or argument, unless elaboration is requested by the Court at sidebar.

16. In examining a witness, counsel shall not repeat, comment on, or exhibit approval or disapproval of the answer given by the witness.

17. Offers of, or requests for, a stipulation should be made to opposing counsel, out of the hearing of the jury.

18. In opening statements and closing arguments to the jury, counsel **shall not** express their own personal knowledge, personal experience or personal opinion concerning any matter in dispute.

19. Counsel shall not, in the presence of the jury, refer to any matter not in evidence.

20. Counsel shall admonish all persons seated at counsel table and parties and persons under their direction and/or control, such as witnesses and associates, friends or family members, present in the courtroom, that gestures, facial expressions, laughing, snickering, audible comments, or other manifestations of approval, disapproval or disrespect during the testimony of witnesses are strictly prohibited.

21. Counsel shall not, in the jury's presence, refer to any matter, witness, exhibit, or testimony that has been excluded by an order granting a motion in limine, or to which an objection was sustained, and/or motion to strike has been granted.

22. Counsel shall not make a Rule 50 motion or other such motion, in the presence of the jury. If counsel wishes to make such a motion, counsel shall notify the Court in words similar to, "The Plaintiff/Defendant has a motion to make under Rule 50." The Court will then take the matter up as soon as possible outside the presence of the jury. This may not be until a scheduled break.

23. Counsel are **strongly discouraged** from requesting sidebar conferences. Counsel are expected to anticipate issues and, as necessary, to make a record out of the presence of the jury.

24. Counsel SHALL return to the courtroom promptly from breaks and SHALL be in the courtroom in the morning and after the lunch break **at least 10 minutes before** the time the Court requires the jury members to return.

IT IS SO ORDERED.

Dated: **February 1, 2019**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE